**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Rex Beck,<br><br>   Plaintiff,<br><br>vs.<br><br>Maricopa County Sheriff's Office, et al.,<br><br>   Defendants. | No.  CIV 04-2483-PHX-EHC (DKD)<br><br>**ORDER** |

Plaintiff, formerly an inmate at the Maricopa County Jail, filed a *pro se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on November 9, 2004 (Doc. #1).  The Court issued a Notice of Assignment on that date, a copy of which was mailed to Plaintiff, in which he was warned that failure to file a Notice of Change of Address could result in the case being dismissed (Doc. #2).  The Court issued an order for payment of the inmate filing fee on December 17, 2004, and ordered defendants to answer the Complaint (Doc. #9).  On January 27, 2006, the Court ordered Plaintiff to show cause for his failure to comply with the Court's order to timely return the service packets (Doc. #10).  On February 16, 2006, Plaintiff filed a response to the OSC, explaining that he had moved several times and it had taken the Arizona Department of Corrections several months to forward his mail (Doc. #11).  On that date, he also filed a Notice of Change of Address.  During the next year, both parties filed dispositive motions, which the Court ruled on in a September 28, 2006 Order (Doc. #24).  On May 8, 2007, the Court ordered Plaintiff to appear for his deposition at a mutually agreeable time (Doc. #31). On May 15, 2007, a copy of the Court's May 8 Order mailed to Plaintiff at his last known

address was returned as "not deliverable as addressed unable to forward"(Doc. #32).  The Arizona Department of Corrections Inmate Datasearch indicates that Plaintiff was released from custody on April 13, 2007.  Plaintiff has not filed a change of address.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.

1 Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*,
2 910 F.2d 652, 656 (9th Cir. 1990).

3 Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
4 to keep the Court informed of his address prevents the case from proceeding in the foreseeable
5 future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the
6 Court to consider whether a less drastic alternative is available. Without Plaintiff's current
7 address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to
8 show cause why dismissal is not warranted or an order imposing sanctions would only find itself
9 taking a round trip tour through the United States mail." 856 F.2d at 1441.

10 Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication
11 upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant
12 case, the Court finds that a dismissal with prejudice or without prejudice would be unnecessarily
13 harsh.

14 **IT IS THEREFORE ORDERED** that Plaintiff has **sixty (60) days** from the date this
15 Order to file a current address and telephone number. Failure to do so will result in an order
16 dismissing the case without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) .

17 DATED this 25th day of May, 2007.

*[signature]*
Earl H. Carroll
United States District Judge

- 3 -